Roger G. Perkins, Esq., CSB #86617
Rperkins@mpplaw.com
Angela Kim, Esq., CSB #216374
Akim@mpplaw.com
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile:  (619) 557-0460

Robert S. Mallin, Illinois Bar No. 6205051
Rmallin@brinkshofer.com
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Telephone: (312) 321-4221
Facsimile:  (312) 321-4299

**Attorneys for Defendant Senco Products, Inc.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, As Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SENCO PRODUCTS, INC. an Ohio Corporation; and DOES 1-100<br><br>Defendants. | CASE NO. 3:08-cv-00071-BTM-CAB<br><br>**SENCO PRODUCTS, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>[Hon. Barry Ted Moskowitz]<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT

Defendant, Senco Products, Inc. ("SENCO") answers the allegations of plaintiff, Jens Erik Sorensen, as trustee of Sorensen Research and Development Trust ("SRDT") and asserts affirmative defenses and counterclaims as set forth below, solely on its own behalf. SENCO is without knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in SRDT's Complaint with respect to the defendants referred to as DOES 1-100, and therefore denies the allegations with respect to them. To the extent that any response to the conclusory headings used in the complaint may be deemed required, SENCO denies any allegations set forth in those headings. SENCO denies any allegation not deemed to be addressed below, if any, to the extent that the allegation is deemed to require a response.

## THE PARTIES

1. SENCO is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations except that SENCO admits that with the exception of the numbering, Exhibit A appears to be a true and correct copy of U.S. Patent No. 4,935,184 ("the '184 patent").

2. Admitted.

3. SENCO is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

4. Denied.

5. SENCO admits that it sells the DS200-AC but denies the remainder of the allegations.

## JURISDICTION AND VENUE

6. Admitted that this action purports to be for alleged patent infringement.

7. SENCO admits that venue is proper but denies the remainder of the allegations.

8. SENCO admits that this court has personal jurisdiction but denies the remainder of the allegations.

## GENERAL ALLEGATIONS

9. Admitted.

10. Denied.

11. SENCO admits that it received a letter in July 2005 from an attorney purporting to represent "Sorensen Research & Development Trust" where the letter identified the '184 patent, but denies the remainder of the allegations.

-2-

12. SENCO admits that it sells the DS200-AC within the United States but denies the remainder of the allegations.

13. Denied.

14. SENCO admits that no license has been obtained because no license is required. Denied as to the remainder of the allegations.

## CLAIM 1 – PATENT INFRINGEMENT

15. SENCO realleges and incorporates herein by reference paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. SENCO admits that it sells the DS200-AC but denies the remainder of the allegations.

17. SENCO admits that it sells the DS200-AC but denies the remainder of the allegations.

18. Denied.

19. Denied.

20. [RESERVED].

21. Denied.

22. Denied.

23. Upon information and belief, Senco admits that the DS200-AC is manufactured in China but denies the remainder of the allegations.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

1. SENCO has not and does not infringe, directly or indirectly, or actively induce others to infringe, or contribute to the infringement by others because SENCO does not make, use, sell, offer to sell or import any product manufactured by a process covered by any valid and enforceable claim of the

'184 patent and does not practice any process covered by any valid and enforceable claim of the '184 patent.

2. The claims of the '184 patent are invalid and/or unenforceable for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

3. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited because SRDT failed to provide notice as required by 35 U.S.C. § 287(b).

4. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is limited by the statute of limitations as set forth in 35 U.S.C. § 286.

5. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of laches.

6. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the equitable doctrine of equitable estoppel.

7. SRDT's claim for damages (to the extent SRDT is entitled to any damages) is barred in whole or in part by the doctrine of prosecution history estoppel.

## RESPONSE TO SRDT'S PRAYER FOR RELIEF

The allegations in the paragraph requesting relief are in the nature of a prayer. Although no answer is required, SENCO responds to the individual requests for relief as follows:

a. SENCO denies that a judgment ordering that the Accused Processes are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295 should be entered, and denies any and all liability of Plaintiff's claims;

b. SENCO denies that a judgment adjudicating and decreeing the Defendants to have infringed the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

c. SENCO denies that a judgment adjudicating and decreeing the Defendants to have contributed to the infringement of the '184 patent and to have induced others to infringe the '184 patent should be entered, and denies any and all liability of Plaintiff's claims;

1     d.     SENCO denies that a judgment ordering the Defendants to account for damages adequate to compensate Plaintiff for the infringement of the '184 patent should be entered, and denies all liability of Plaintiff's claims;

    e.     SENCO denies that a judgment ordering that such damages as are awarded, to the extent Plaintiff is entitled to any such damages, are trebled pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement should be entered, and denies any and all liability of Plaintiff's claims;

    f.     SENCO denies that a judgment decreeing this case to be an "exceptional case" and awarding SRDT reasonable attorneys' fees pursuant to 35 U.S.C. § 285 should be entered, and denies any and all liability of Plaintiff's claims;

    g.     SENCO denies that a judgment awarding interest on such damages, to the extent Plaintiff is entitled to any such damages, should be entered, denies any and all liability of Plaintiff's claims;

    h.     SENCO denies that a judgment awarding costs of suit herein incurred by Plaintiff should be entered, and denies any and all liability of Plaintiff's claims; and

    i.     SENCO denies that a judgment should be entered for such other and further relief in favor of the Plaintiff, and denies any and all liability of Plaintiff's claims.

## COUNTERCLAIMS

1.     Counterclaim Plaintiff SENCO is an Ohio corporation having a principal place of business at 8485 Broadwell Road, Cincinnati, OH 45244.

2.     SRDT has alleged that Counterclaim Defendant SRDT is a California resident and trustee of a trust organized according to California law, and owner of all rights that may exist to the '184 patent.

3.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1337(a), 1338(a), and 1367.

4.     Personal jurisdiction is proper in this judicial district.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

6.     SRDT has alleged that SENCO is infringing one or more of the claims of the '184 patent by manufacturing, importing into, selling and/or offering for sale in the United States the DS200-AC.

-5-

**SENCO PRODUCTS, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**
3:08-CV-00071-BTM-CAB

7.     SRDT is seeking damages from SENCO for the alleged infringement of the '184 patent.

## FIRST COUNTERCLAIM
## FOR DECLARATION OF NONINFRINGEMENT

8.     SENCO realleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.     This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202 and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10.    SENCO has not and does not directly infringe, contributorily infringe or actively induce others to infringe any valid claim of the '184 patent by manufacturing, importing into, selling, and/or offering for sale in the United States any of the accused DS200-AC, or by practicing any method covered by a valid and enforceable claim of the '184 patent.

## SECOND COUNTERCLAIM
## FOR DECLARATION OF PATENT INVALIDITY

11.    SENCO realleges and incorporates herein by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.    The '184 patent is the subject of two granted requests for reexamination in the United States Patent and Trademark Office ("the PTO").

13.    The PTO has found more than twenty substantial new questions of patentability based on numerous prior art references that anticipate or render obvious the claims of the '184 patent.

14.    This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

15.    The claims of the '184 patent are invalid for failing to meet one or more of the statutory requirements of 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, SENCO prays for relief against SRDT as follows:

1.     For a declaration that SENCO does not infringe any valid claim of the '184 patent;

2.     For a declaration that the claims of the '184 patent are invalid and/or unenforceable;

SENCO PRODUCTS, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
3:08-CV-00071-BTM-CAB

3. For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to SENCO of its attorneys' fees and expenses in this action; and

4. For such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), SENCO hereby demands a trial by jury of all issues so triable in this action.

Date: March 5, 2008                             MORRIS POLICH & PURDY, LLP

                                                By:   s/Angela Kim
                                                      Attorneys for Defendant
                                                      SENCO PRODUCTS, INC.
                                                      Akim@mpplaw.com

                                                Robert S. Mallin
                                                Brinks Hofer Gilson & Lione
                                                NBC Tower, Suite 3600
                                                455 North Cityfront Plaza Drive
                                                Chicago, Illinois 60611-5599

                                                Attorneys for Defendant
                                                SENCO PRODUCTS, INC.

SENCO PRODUCTS, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
3:08-CV-00071-BTM-CAB

*Jens Erik Sorensen v. Senco Products, Inc.*
**U.S. District Court, Southern District, Case No. 3:08-cv-00071-BTM-CAB**

## CERTIFICATE OF SERVICE

I am employed in San Diego County. I am over the age of 18 and not a party to this action. My business address is 501 West Broadway, Suite 500, San Diego, California 92101-3544.

On March 5, 2008, I served a copy of the foregoing document(s) entitled: **SENCO PRODUCTS, INC.'S RESPONSE TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** to all parties in this action.

SEE SERVICE LIST

| | |
|---|---|
| Melody A. Kramer, Esq. CSB #169984<br>Mak@kramerlawip.com<br>Kramer Law Office, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121<br>619/993-0874 | **Attorney for Plaintiff** |
| J. J. Michael Kaler, Esq.<br>michael@kalerlaw.com<br>9930 Mesa Rim Road, Suite 200<br>San Diego, California 92121<br>858/362-3151 | **Attorney for Plaintiff** |

☒ **ELECTRONIC FILING**

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 5, 2008, at San Diego, California.

_____
NANCY DAVIS

SD017453