1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150
   email:  mak@kramerlawip.com
5

6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
9  email:  michael@kalerlaw.com

10

11 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
12 DEVELOPMENT TRUST

13

14
                    UNITED STATES DISTRICT COURT
15
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
16

17 | JENS ERIK SORENSEN, as Trustee of | ) Case No. 08cv00071 BTM CAB |
   | SORENSEN RESEARCH AND | ) |
18 | DEVELOPMENT TRUST, | ) **PLAINTIFF'S MEMORANDUM OF** |
19 | | ) **POINTS & AUTHORITIES IN** |
   | Plaintiff | ) **SUPPORT OF MOTION FOR** |
20 | v. | ) **EXCEPTION TO STAY TO** |
21 | | ) **PRESERVE EVIDENCE** |
   | SENCO PRODUCTS, INC., an Ohio | ) |
22 | corporation; and DOES 1 – 100, | ) Date:  August 8, 2008 |
23 | | ) Time:  11:00 a.m. |
   | Defendants. | ) Courtroom 15 – 5th Floor |
24 | _____ | ) The Hon. Barry T. Moskowitz |
25 | and related counterclaims. | ) |
   | | ) *Oral Argument Has Been Respectfully* |
26 | | ) *Requested by Plaintiff* |
27 | | ) |
28 | _____ | ) |

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in related cases,[1] hereby requests the Court for an exception to the stay entered in this case in order to preserve evidence that will otherwise be unavailable after the stay. Plaintiff has presented its arguments in brief form pursuant to the Court's request.

Plaintiff has already requested this exception and discovery by letters to Defendants' counsel, but Defendants have failed to agree. The only Accused Product identified to date is the Senco Collated Screw Driver.

The requested discovery is as follows:

1. Confirmation of preservation of all prototype and production molds used in the production of the Accused Products if they are within possession, custody, or control of named Defendants; and

2. Confirmation of preservation of all design and technical documents for the Accused Products that are in the possession, custody, or control of named Defendants.

For any of the above categories of evidence that are in the possession, custody, or control of non-parties (as Plaintiff understands some to be), Plaintiff requests as follows:

3. Sworn identification of the company name(s) and address(es) of all non-party manufacturers, suppliers, and importers for the Accused Products; and

4. Court leave to use appropriate procedural steps to acquire the above-listed categories of evidence from, and/or conduct plant inspections of, non-parties.

Plaintiff believes these items of discovery are necessary and that delay until completion of the '184 patent reexamination creates the risk of loss of evidence.

---

[1] Sorensen v. Helen of Troy Texas Corporation, et al, Case No. 07cv02278 (see relevant portion of the transcript at Appendix A hereto); and Sorensen v. Black & Decker Corporation, Case No. 06cv1572 (see Docket # 264-277, various entries).

1  Infringement notices and other communications regarding these products always end up in the same place – Defendant Techtronic Industries North America and its group of interrelated companies which include Defendant One World Technologies (defendant in the related *Sorensen v. Emerson Electric* and *Sorensen v. Ryobi* cases, Case Nos. 08cv00060 and 08cv00070, respectively). *Kramer Decl.* ¶ 6.

Upon information and belief, the Senco Accused Products are manufactured through the same channels as the Ridgid® products that are the subject of the *Sorensen v. Emerson* case. As to those products, Plaintiff has received contradictory information pre-litigation from the Defendants regarding where and how the Accused Products are manufactured, whether domestically or offshore by companies other than the named Defendants, and companies which may or may not even have common ownership to the Defendants. See the concurrently filed "Motion for Exception to Stay for Preservation of Evidence" filed in the *Emerson* case. *Kramer Decl.* ¶ 7.

Despite request to Defendants' joint counsel (joint also with the *Emerson* defendants and the defendant in the related *Sorensen v. Ryobi* case, Case No. 08cv00070), Plaintiff's requests have been met only with feigned inability to even understand Plaintiff's request for preservation of evidence (*Kramer Decl.,* ¶ 8, Exhibit A). There is no reason to believe that the prototype and production molds for the Accused Products, and related design and technical documents are being preserved by the named Defendant pending the stay of this case.

There is even less reason to believe that non-parties to this case are preserving evidence necessary to this case. "The obligation to preserve [evidence] arises when the party has notice that the evidence is relevant to litigation -- most commonly when the suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 371 (2006).

1  Unidentified, and thus non-party, manufacturers, suppliers, and importers, of
2  the Accused Products may not have notice of this lawsuit and Plaintiff has no means
3  of ensuring that they are preserving evidence for this case.  Neither the Court nor
4  Plaintiff can informally request evidence preservation, much less compel it, without
5  this identification.

6  WHEREFORE, Plaintiff respectfully requests the Court to order an exception
7  to the stay in this case for purpose of conducting the discovery outlined above.

8  DATED this Monday, June 09, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

4.

Case No. 08cv00071 BTM CAB

```
 1                 UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 2

 3                                      )
    JENS ERIK SORENSEN, as              )
 4  Trustee of SORENSEN                 )
    RESEARCH AND DEVELOPMENT            )
 5  TRUST,                              )
                                        )
 6                                      )
              Plaintiff,                ) Case No. 07cv02278BTM
 7                                      )
                                        )
 8              vs.                     )
                                        )
 9  HELEN OF TROY TEXAS                 )
    CORPORATION; OXO                    )
10  INTERNATIONAL, LTD; and             )
    DOES 1-100,                         )
11                                      )
                                        )
12           Defendants.                )
                                        ) San Diego, California
13                                      )
                                        ) February 25, 2008
14

15

16                    Status Conference

17        BEFORE THE HONORABLE BARRY TED MOSKOWITZ
                UNITED STATES DISTRICT JUDGE
18

19   APPEARANCES:

20   For the Plaintiff:          Kaler Law Offices
                                 J. Michael Kaler
21                               9930 Mesa Rim Road St. 200
                                 San Diego, CA 92121
22
                                 Kramer Law Office
23                               Melody A. Kramer
                                 9930 Mesa Rim Road, St.1600
24                               San Diego, CA 92121

25
```

APPENDIX A

```
 1
        For the Defendants:        Seyfarth Shaw
 2                                 Eric B. Von Zeipel
                                   2029 Century Park East,
 3                                 Suite 3300
                                   Los Angeles, CA 90067
 4

 5
        Official Reporter:         Barbara Harris CM/RPR/CRR
 6                                 880 Front Street
                                   San Diego, CA 92101
 7                                 619-990-3116

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

APPENDIX A

| | | |
|---|---|---|
| 1 | thing is if I grant them an extension of time to answer of 60 | |
| 2 | days, and I grant the stay without prejudice and they answer | |
| 3 | on behalf of Helen of Troy of Texas, and Oxo International, | |
| 4 | then I think everything is taken care of. | |
| 5 |       MR. VON ZEIPEL:  That sounds good. | 16:22:19 |
| 6 |       THE COURT:  Mr. Kaler is about to speak. | |
| 7 |       MR. KALER:  That would certainly be a resolution, | |
| 8 | not one I'm thrilled with.  Has the court considered the | |
| 9 | possibility of a partial stay allowing some discovery, that | |
| 10 | does not address claim construction issues, to preserve | 16:22:19 |
| 11 | evidence in these cases that are newly filed? | |
| 12 |       THE COURT:  I have not considered it, but that is | |
| 13 | certainly something that would be considered.  No one should | |
| 14 | be prejudiced by the stay.  It would be unfair to the | |
| 15 | plaintiff if there is a stay and something happens that they | 16:22:19 |
| 16 | lose evidence.  So that's always an implied exception. | |
| 17 |       The stay is always granted without prejudice.  If | |
| 18 | that wasn't understood then perhaps it's my fault in not | |
| 19 | making it clear. | |
| 20 |       MR. KALER:  Would we need to bring a separate | 16:22:20 |
| 21 | motion? | |
| 22 |       THE COURT:  First you would discuss it with the | |
| 23 | party you would want to take discovery on, and if they didn't | |
| 24 | agree, then you would then come before me. | |
| 25 |       MR. KALER:  Okay. | 16:22:20 |

## APPENDIX A

```
 1              THE COURT:  And I think I would try to do it in a
 2   way that the parties would file something very, very brief so
 3   they don't take up a lot of attorney time and work, and then
 4   I would hear it orally and I would rule on it right there.
 5              In other words, you would file something, maybe a       16:22:20
 6   page or two, saying we want to get an exception to the stay
 7   for the following reasons, we are going to come into court on
 8   such and such a date the clerk gives you, and we will flush
 9   them out, but here it is in capsule form.
10              MR. KALER:  Thank you, your Honor.                     16:22:21
11              THE COURT:  All right?  So that's when I say the
12   stays are granted without prejudice.  Well, does anyone have
13   a problem if we proceed this way?  I know it's not ultimately
14   what you want, but you can't -- isn't there a song, You Can't
15   Always Get What You Want?                                         16:22:21
16              MR. KALER:  Your Honor, I was actually hoping for
17   summary judgment in our favor this morning, but I'll take it.
18              THE COURT:  Well, we will do an order in that
19   regard.  Is 60 days enough to file an answer?
20              MR. VON ZEIPEL:  I believe so.                         16:22:21
21              THE COURT:  And the order will provide that you can
22   file an amended answer 30 days after any re-examination
23   decision.
24              MR. VON ZEIPEL:  Thank you, your Honor.
25              THE COURT:  All right?  So, then that will take       16:22:21
```

## APPENDIX A