Roger G. Perkins, Esq., CSB #86617
Rperkins@mpplaw.com
Kristina M. Pfeifer, Esq., CSB #234352
Kpfeifer@mpplaw.com
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404
Facsimile:  (619) 557-0460

Robert S. Mallin, Illinois Bar No. 6205051
Rmallin@brinkshofer.com
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Telephone: (312) 321-4221
Facsimile:  (312) 321-4299

**Attorneys for Defendants**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, As Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SENCO PRODUCTS, INC., an Ohio corporation; and DOES 1-100<br><br>Defendants. | CASE NO. 3:08-cv-00071-BTM-CAB<br><br>**SENCO PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date:         August 8, 2008<br>Time:        11:00 a.m.<br>Courtroom:  15<br>Hon. Barry Ted Moskowitz<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## I. INTRODUCTION

Sorensen Research and Development Trust's ("SRDT") motion for an exception to the stay to preserve evidence is both unwarranted and premature. This Court's order staying this case provides that "any party may apply to the Court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay." SRDT's motion for a limited exception to stay has not provided any specific, valid reasons for lifting the stay. Instead, SRDT rushed to file this motion in an attempt to run up Senco's costs and expenses as much as possible while its suspect patent is being reexamined based on approximately 20 substantial new questions of patentability.

SRDT's "run up the cost" strategy is exemplified by its refusal to identify the specific evidence that it seeks to have third parties preserve. Indeed, so that there would be no confusion or misunderstanding, after receiving SRDT's request to have third parties preserve evidence, Senco sought an identification as to what specific evidence should be preserved. Instead of identifying what evidence should be preserved, SRDT filed this instant motion. Certainly SRDT could have first identified what evidence it seeks to have preserved before rushing to file this motion.

Moreover, while the SRDT claims that it has received "contradictory information" about where and how the sole accused Senco product is manufactured, nothing could be further from the truth. SRDT was advised all along that the accused Senco Collated Screw Driver is manufactured in China by Techtronic Industries Co. Ltd., but rejected that information because it originated from Chinese nationals and Chinese companies instead of U.S. citizens and U.S. companies. Remarkably, SRDT now seeks to take discovery of Chinese nationals and companies that it rejected as inappropriate.

SRDT's motion should be denied, or in the alternative, SRDT's "running up the cost strategy" should not be permitted and SRDT should be required to pay defendants' attorney fees and costs associated with any third party discovery.

## II. SRDT'S MOTION IS PREMATURE AND DESIGNED TO INCREASE COSTS

On May 6, 2008, SRDT sent a letter to Senco requesting that certain information and things be preserved and requested a response on May 27, 2008 (Mallin decl., Ex. 1). On May 27, 2008, SRDT was advised that the Senco would preserve information and things in its possession, custody and control

as required by the Federal Rules of Civil Procedure and applicable case law (Mallin decl., Ex. 2). Indeed, as a litigant, Senco instituted an appropriate litigation hold on documents and things that might be relevant to this lawsuit.

On June 3, 2008, SRDT sent another letter requesting assurances that *third parties* are preserving information and demanded a response by June 13, 2008 (Mallin decl., Ex. 3). On Friday, June 6, 2008, only 3 days after receiving the request and 7 days before SRDT's demanded response, Senco requested a clarification and a specific identification as to what information SRDT wanted to be preserved (Mallin decl., Ex. 4). This request for a clarification and identification was necessary so that there would be no confusion as to what SRDT wanted preserved by the third parties and no dispute in the future should SRDT attempt to argue that third party information was destroyed even though third parties agreed to preserve information. For example, SRDT apparently wants third parties to preserve "all design and technical documents for the Accused Products." The potential scope of this request is limitless and certainly includes information and things that have no bearing on this case at all. What is SRDT really seeking to have preserved? Likewise, SRDT wants third parties to commit to preserving "all prototype and production molds used in the production of the Accused Products." Which molds of the many components used in the Senco Collated Screw Driver?[1] However, SRDT provided no response whatsoever, and instead of identifying and clarifying what information SRDT wants the third parties to preserve, on Monday, June 9, 2008, SRDT filed this motion for a limited exception to the stay.[2]

SRDT's apparent strategy in filing this motion is to increase the Senco's cost while a stay is in place, and to burden the Court with unnecessary motions. Indeed, if it were not, then SRDT would have provided a clarification and listing of the information that it wanted third parties to preserve. Presumably, as the party making the request, SRDT could easily provide such a list, but it did not. SRDT's "running up the cost" strategy should not be rewarded and its motion should be denied. In view

---

[1] According to SRDT, "prototype" and "production" molds apparently are both used in "production of the Accused Products." However, there must be some difference between these types of molds since SRDT distinguished them. What is that difference and what molds does SRDT want preserved?

[2] SRDT also disingenuously represented that "Defendants have failed to agree" (SRDT Memo at 2). Senco's request for clarification could hardly be characterized as a "failure" to do anything.

of SRDT's failure to even attempt to clarify and identify what information it seeks to have preserved, SRDT cannot credibly set forth any specific valid reasons for lifting the stay.

However, if the Court is inclined to a limited lift of the stay, then SRDT should be required to pay all of Senco's costs associated with lifting the stay and any third party discovery.

### III.  SRDT REJECTED THE VERY EVIDENCE IT NOW REQUESTS

SRDT's "running up the cost strategy" is further evidenced by its past rejections of the very same type of information it seeks here. Significantly, SRDT's request to take third party discovery of suppliers in China is remarkable in view of the fact that on several occasions, SRDT was offered and provided information about the process used to manufacture the housings for the Accused Products, but refused to accept the information because it did not come from a U.S. citizen and a U.S. company. SRDT was first offered such information approximately two years ago when SRDT was offered an affidavit about the process used to produce the overmold housings. The offer explained that the declaration would be based on an investigation conducted by a company in Hong Kong where the people with the most knowledge about the process are located (Mallin decl., Ex. 5). SRDT rejected that proposal and instead, while having knowledge that the people with the best knowledge about the process were located in Hong Kong or in China, insisted that any declaration be from a U.S. representative of a U.S. company. Apparently, SRDT was not concerned about "preserving" any evidence and information when it refused to accept information from China two years ago.

More recently, in November 2007, SRDT was offered a declaration from a Chinese or Hong Kong national about the overmold process used to manufacture the housings for the accused Senco Collated Screw Driver (Mallin decl., Ex. 6). SRDT's counsel rejected that offer alleging that such declarations would not be admissible and could not be used in U.S. Courts[3] (Mallin decl., Ex. 6). However, as SRDT was advised in a letter dated November 30, 2007, 28 USC § 1746 specifically provides for the use of declarations executed outside the United States and pursuant to 28 USC § 1746, courts do and have accepted declarations from persons located in both Hong Kong and China (Mallin decl., Ex. 6). For example, in *Commodity Futures Trading Comm'n v. Topworth Int'l Ltd.*, 205 F.3d

---

[3] SRDT's counsel went as far to allege that Chinese nationals cannot testify in U.S. Courts (Mallin decl., Ex. 6).

-4-

1107, 1112 (9th Cir. 2000), the district court rejected a declaration of Mr. Yu from Hong Kong because it allegedly did not meet the requirements of 28 USC § 1746. The Ninth Circuit held that that the district court's rejection was improper as it did comply with § 1746, and made Mr. Yu's declaration part of the record. Likewise, in *American Home Assurance Co. v. Zim Jamaica,* 296 F. Supp.2d 494, 496-99 (S.D.N.Y. 2003), the court accepted declarations from Assad Najm, the manager of a company in Guangzhou, China and Lao Xiji, a truck driver who delivered cargo from Guangzhou to the Port of China as part of a motion for summary judgment. This legal authority was expressly brought to the attention of SRDT's counsel (Mallin decl., Ex. 6). Not surprisingly, SRDT never responded to this portion of the letter.

Most recently, in January 2008, SRDT was provided with a declaration from Mr. William Chen, the tooling manager at Techtronic Industries Co. Ltd ("TTI") (Mallin decl., Ex. 7). Mr. Chen's declaration sets forth the details of the overmold process used for the housings on the accused Senco Collated Screw Driver for the past six years (Mallin decl., Ex. 7). However, because this declaration makes clear that the process used is plainly outside the scope of the patent claims, SRDT's counsel rejected it. SRDT's counsel's purported reason for rejecting the declaration was that based on its "prior extensive research into the issue of admissibility of declarations from Chinese nationals and general requirements in the Federal Rules of Evidence," SRDT's counsel concluded that the declaration "does not rise to the level of admissible evidence" (Mallin decl., Ex. 8). Not surprisingly, SRDT's rejection of the Chen declaration did not address the court decisions in *Commodity Futures Trading Comm'n v. Topworth Int'l Ltd.,* 205 F.3d 1107, 1112 (9th Cir. 2000) and *American Home Assurance Co. v. Zim Jamaica,* 296 F. Supp.2d 494, 496-99 (S.D.N.Y. 2003), and the results of SRDT's "extensive research" were not disclosed.[4] Likewise, SRDT has not disclosed its "extensive research" in the instant motion.

---

[4] The only case relied upon by SRDT was *United States v. Oudevenko,* 2001 WL 253027 (E.D. N.Y. Mar. 7, 2001) (Mallin decl., Ex. 6). That case however, is not on point or even applicable here. In *Oudevenko,* the defendant was prohibited from using depositions as a substitute for testimony at a criminal trial. The court held that the defendant did not meet the "exceptional circumstances" requirement of Rule 15(a) of the Federal Rules of Criminal Procedure. The Rules of Criminal

-5-

SENCO PRODUCTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE
3:08-CV-00071-BTM-CAB

In view of SRDT's rejection for the past 2 years of the very information it now seeks, SRDT's claim that lifting the limited stay to preserve that information is not persuasive, and the motion should be denied.[5]

## IV. CONCLUSION

SRDT has not set forth even a single specific, valid reason for a limited exception to the stay. SRDT's present motion is instead consistent with its strategy to run up Senco's costs and expenses in an attempt to obtain a settlement. SRDT should not be rewarded for its strategy and the motion should be denied. In the alternative, if the limited stay is lifted, then SRDT should be required to pay all costs and expenses incurred by defendants in connection with all of the discovery being sought.

Date: August 6, 2008						MORRIS POLICH & PURDY, LLP


						By:	s/Kristina M. Pfeifer
							Kristina M. Pfeifer
							Attorneys for Defendant
							SENCO PRODUCTS, INC.

SD020784.DOC

---

Procedure have nothing to do with this situation and have no bearing on a civil proceeding.

[5] SRDT's claim that it has received "contradictory information" about "where and how the Accused Products are manufactured" is untrue. SRDT has been advised all along that the Accused Products are manufactured by Techtronic Industries Co. Ltd. ("TTI"), although TTI contracts out the production of some of its many components. Indeed, the declaration of Mr. Chen verifies this fact (Mallin decl., Ex. 7). Additionally, SRDT's reliance on the deposition testimony of Robert A. Bugos provides no support for this motion. That testimony was taken in a products liability lawsuit involving a Ridgid-branded miter saw that is *not* an Accused Product in this case (Mallin decl., Ex. 9, p. 8). Indeed, the *only* Accused Product in this case is the Senco Collated Screw Driver. In any event, consistent with Mr. Chen's declaration, Mr. Bugos made clear that Ridgid-branded products are manufactured by or for TTI (Mallin decl., Ex. 9, pp. 7, 18, 19, 22).

-6-