Exhibit 1

# Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

---

<u>VIA FAX and FEDERAL EXPRESS</u>

May 6, 2008

Roger G. Perkins, Esq
Angela Kim, Esq.
MORRIS POLICH & PURDY LLP
501 West Broadway, Suite 500
San Diego, California 92101
Facsimile: (619) 557-0460

Robert S. Mallin
Brinks Hofer Gilson & Lione
NBC Tower
455 N City Front Plaza Drive
Suite 3600
Chicago, IL 60611
Facsimile: (312) 321-4299

Orlando F. Cabanday
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Facsimile: (310) 305-2116

RE:    <u>Sorensen Research & Development Trust v. Emerson Electric, et al</u>
USDC Southern District of California, Case No. 08cv00060
<u>Sorensen Research & Development Trust v. Ryobi Technologies, et al</u>
USDC Southern District of California, Case No. 08cv00070
<u>Sorensen Research & Development Trust v. Senco Products, Inc., et al</u>
USDC Southern District of California, Case No. 08cv00071

Request for agreement to conduct limited discovery during stay for the purpose of preserving evidence

Dear Messrs. Mallin, Perkins and Cabanday:

In accordance with the Order for stay by Judge Moskowitz in the above cases, we are hereby requesting the Defendants' agreement to preserve certain items of evidence to ensure that they will not be lost during the time that this case is being stayed. If we are unable to reach an agreement, we will be asking the Court for an order to produce this evidence.

1.   All prototype and production molds used in the production of the Accused Products that are currently in the possession or control of either Defendants or non-parties; and

2.   All design and technical Documents for the Accused Product that are in the possession or control of either Defendants or non-parties.

3.   Initial disclosures pursuant to Rule 26(a)(1), specifically including the identity and location of all manufacturers, suppliers, and importers for the products at issue.

The products at issue at this point include the following identified products, and any other products made with the same molds or similar manufacturing process:

Sorensen Research & Development Trust v. Emerson Electric, et al

Ridgid 18V Cordless Reciprocating Saw
Ridgid HD 3/8" VSR Drill
Ridgid HD Reciprocating Saw
Ridgid 18V Cordless ½" Hammer Drill
Ridgid 18V Cordless 1/2 " Drill
Ridgid 18V Cordless Drill
Ridgid 14.4V Cordless ½" Drill
Ridgid 12V Right Angle Impact Driver
Ridgid 14.4V Impact Driver
Ridgid 12V Cordless 3/8" Drill
Ridgid Heavy Duty 3 Speed ½" Right Angle Drill
Ridgid Heavy Duty 2 Speed ½" VSR Drill
Ridgid Heavy Duty VSR Drywall Screwdriver
Ridgid Heavy Duty ½" VSR Hammer/Pulse Drill
Ridgid 7 ¼" Worm Drive Saw
Ridgid Heavy Duty 7 ¼" Circular Saw
Ridgid 18V Cordless Jig Saw
Ridgid Variable Speed Orbital Jig Saw
Ridgid Heavy Duty 11A Reciprocating Saw
Ridgid 18V Cordless Hand Planer
Ridgid Heavy Duty Variable Speed Belt Sander
Ridgid 9.6V Pivoting Screwdriver
Ridgid 9.6V Pivoting Screwdriver
Ridgid Heavy Duty ½" Two Speed Hammer Drill

Ridgid Heavy Duty VSR Drywall Screwdriver
Ridgid Professional 3/8" VSR Drill
Ridgid Heavy Duty ½" VSR Hammer Drill
Ridgid Max Select Dual Voltage Jig Saw
Ridgid Heavy Duty ½" VSR Drill
Ridgid 12 Volt Cordless 3/8" Drill
Ridgid Max Select Dual Voltage Reciprocating Saw
Ridgid 18 Volt Compact Lithium – Ion Drill
Ridgid Max Select Dual Voltage Circular Saw
Ridgid 24 Volt Lithium-Ion Cordless Hammer Drill
Ridgid Worklight
Ridgid ¼ Sheet Sander
Ridgid 5" Random Orbit Sander
Ridgid Max Select Hand Planer
Ridgid 6 ½" Compact Framing Saw
Ridgid 12 Volt Right Angle Impact Driver
Ridgid 7" Circular Saw
Ridgid 7 ¼" Worm Drive Circular Saw
Ridgid Variable Speed Orbital Jig Saw
Ridgid ½" Right Angle Drill
Ridgid Variable Speed Belt Sander
Ridgid Twist Handle Orbital Reciprocating Saw
Ridgid Heavy Duty 11Amp Reciprocating Saw

Ridgid 18 Volt Cordless Impact Driver
Ridgid 18 Volt Reciprocating Saw

Ridgid 18 Volt Circular Saw
Ridgid 18 Volt Cordless Hammer Drill

<u>Sorensen Research & Development Trust v. Ryobi Technologies, et al</u>

Ryobi 18.0V Circular Saw
Ryobi 13 AMP Circular Saw
Ryobi 14.4V Drill
Ryobi 18.0V Drill/Driver
Ryobi 14.4V Drill/Driver
Ryobi Hammer Drill

Ryobi 18" Electric Chainsaw
Ryobi One+ Lithium 18V Circular Saw
Ryobi One+ Lithium 18V Reciprocating
Saw
Ryobi One+ Lithium 18V Drill/Driver
Ryobi One+ Lithium 18V Flashlight

<u>Sorensen Research & Development Trust v. Senco Products, Inc., et al</u>
Senco Collated Screw Driver

It is our understanding that manufacturing of the Accused Products has been done in China by unidentified company or companies, not by the Defendants. As such, and because we are also aware of often complicated, sometimes international, chain of company ownership, there is simply no assurance that this necessary technical information will be available to my client once the stay is lifted. Furthermore, as we already pointed out to you, failure to identify manufacturers, suppliers, and importers will make it impossible for us to assure that all evidence is preserved.

Please advise us no later than May 27th if your clients are willing to stipulate to this limited discovery during the stay, otherwise we will file a motion with the Court.

Additionally, please advise us by May 27th if Defendants have any categories of evidence that they want to ensure are preserved. Although we are cognizant of our general obligation to preserve evidence, we are willing to work with you to ensure that any particular categories of evidence that you think may be necessary when stay is lifted, are adequately preserved.

Thank you for your attention to this matter.

Sincerely,

Melody A. Kramer

Exhibit 2

**Robert S. Mallin**
312-321-4221
rmallin@usebrinks.com

**BRINKS
HOFER
GILSON
&LIONE** ®

A Professional Corporation

Intellectual Property
Law Worldwide

May 27, 2008

*Via Facsimile Transmission to 858-824-9073*
*And U.S. First Class Mail*

Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Road
Suite 1600
San Diego, CA 92121

Re:     **Sorensen v. Senco Products, Inc., et al.**
        **Case No. 08-CV-0071-BTM-CAB**

Dear Melody:

I write in response to your letter dated May 6, 2008.  Please be advised that Senco Products Inc. will comply with its preservation requirements in accordance with the Federal Rules of Civil Procedure and applicable case law.

As for your offer to consider what categories of evidence to preserve, I assume that you will also abide by the requirements of the Federal Rules of Civil Procedure and applicable case law.

I trust that this letter resolves the issue.  If you have any further concerns, feel free to contact me.

Best regards,

Robert S. Mallin

RSM:jms

cc:     Roger G. Perkins, Esq.
        Angela Kim, Esq.

Exhibit 3

## Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

<u>VIA FAX and</u>
<u>FEDERAL EXPRESS</u>

June 3, 2008

Robert S. Mallin
Brinks Hofer Gilson & Lione
NBC Tower
455 N City Front Plaza Drive
Suite 3600
Chicago, IL 60611
Facsimile: (312) 321-4299

RE:    <u>Sorensen Research & Development Trust v. Emerson Electric, et al</u>
       USDC Southern District of California, Case No. 08cv00060
       <u>Sorensen Research & Development Trust v. Ryobi Technologies, et al</u>
       USDC Southern District of California, Case No. 08cv00070
       <u>Sorensen Research & Development Trust v. Senco Products, Inc., et al</u>
       USDC Southern District of California, Case No. 08cv00071
       Request for agreement to conduct limited discovery during stay for the purpose of
       preserving evidence

Dear Mr. Mallin:

Thank you for your letters dated May 27th regarding the above-captioned cases and my request for preservation of evidence pending lift of stay in this case. I need to have some additional clarification to ensure that necessary evidence is being preserved.

We are aware from prior correspondence and investigation that all of the accused products in these cases are manufactured by companies that are not located in the United States and that are several levels of corporate structure away from the defendants in this case or by third-parties that are contracted by several levels of companies away. As such, assuring us that the named parties "will comply with their preservation requirements in accordance with the Federal Rules of Civil Procedure and applicable case law" really doesn't mean anything.

Are all prototype and production molds used in the production of the Accused Products being preserved? Are all design and technical documents for the Accused Products being preserved?

Please clarify this matter for me no later than June 13th. If we do not receive adequate assurances of where this highly relevant evidence is being held and what steps are being taken to preserve it, we will have no choice but to proceed to the Court. Be advised that Judge Moskowitz has already heard one motion for exception to stay for preservation of evidence and did order certain discovery to proceed. A copy of that ruling is enclosed with this letter.

Sincerely,

Melody A. Kramer

enclosure

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JENS ERIK SORENSEN,

                       Plaintiff,

    vs.

BLACK & DECKER CORPORATION,

                    Defendant.

CASE NO. 06CV1572 BTM (CAB)

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
EXCEPTION TO STAY; GRANTING
IN PART AND DENYING IN PART
MOTION TO FILE DOCUMENTS
UNDER SEAL; AND GRANTING
REQUEST FOR ORAL ARGUMENT

For the reasons set forth on the record, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for exception to stay [Doc. 264]. Plaintiff may take limited depositions of the relevant entities as set forth on the record. Plaintiff may also attempt to undertake an inspection of the out-of-district manufacturing facility through appropriate procedural avenues. Plaintiff's request for discovery as to the alleged UK facility is denied without prejudice. The Court also GRANTS IN PART AND DENIES IN PART Plaintiff's motion to file documents under seal [Doc. 265, 271]. Defendants shall file a publicly available version of the documents which the Court ruled should not be sealed within one week of the date of this order. The request for oral argument is GRANTED [Doc. 266].

IT IS SO ORDERED.

DATED: June 3, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

Exhibit 4

Robert S. Mallin
312-321-4221
rmallin@usebrinks.com

**BRINKS**

**HOFER**

**GILSON**

**& LIONE** ®

A Professional Corporation

Intellectual Property
Law Worldwide

June 6, 2008

*Via Facsimile Transmission to 858-824-9073*
*And U.S. First Class Mail*

Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Road
Suite 1600
San Diego, CA 92121

Re:     **Sorensen v. Senco Products, Inc., et al.**
        **Case No. 08-CV-0071-BTM-CAB**

Dear Melody:

I write in response to your letter dated June 3, 2008. Before I can respond to the requests made
in that June 3 letter, I need some clarification regarding what things and information you are
seeking to have preserved. Indeed, if third parties are going to commit to preserve information
and things, we need to have a clear understanding of what is included. Accordingly, please
identify and explain to me what you mean by the phrases:

  1.    "All prototype and production molds used in the production of the Accused
        Products."

  2.    "All design and technical documents for the Accused Products".

I expect that your identification of information and things will be with specificity and your
explanation will be clear and concise so that both we and any third parties will understand the
scope of the request. After I receive your response, I will be in a better position to fully respond
to your inquiry.

Best regards,

Robert S. Mallin

RSM:jms

cc:     Roger G. Perkins, Esq.
        Angela Kim, Esq.

Exhibit 5





**Techtronic Industries North America, Inc.**

Writer's Direct Dial: 864.964-3308
Writer's Direct Fax: 864.964-3350
Writer's Email: bob.bugos@ttigroupna.com

July 10, 2006

Via U.S. Mail

Melody A. Kramer, Esq.
Kramer Law Office
9930 Mesa Rim Rd., Ste 1600
San Diego, California 92121

Dear Ms. Kramer:

Our parent company's legal department in Hong Kong has confirmed that the process they use for over-molding plastics involves moving the parts from one mold to the next entirely by hand, without use of any mechanical means to transport them. Without suggesting any validity to the idea that mechanically transporting the parts would constitute an infringement of your client's U.S. Pat. No. 4,935,184, I believe we have completely ruled out the issue by virtue of the method they use.

You have requested an affidavit from someone located in the United States. As you know, this is complicated by the fact that the people who are in the best position to give such an affidavit are located in Hong Kong. We could draft an affidavit certifying that we have contacted our parent company, and that we are confident the information we have received is accurate, if you confirm that this will close the issue.

Regards,

Robert A. Bugos
General Counsel

Exhibit 6

Robert S. Mallin
312-321-4221
rmallin@usebrinks.com

**BRINKS**
**HOFER**
**GILSON**
**&LIONE** ®

A Professional Corporation

Intellectual Property
Law Worldwide

November 30, 2007

*Via Facsimile Transmission to 858-824-9073*
*And U.S. First Class Mail*

Melody A. Kramer, Esq.
Kramer Law Office, Inc.
9930 Mesa Rim Rd.
Suite 1600
San Diego, CA 92121

Re:    **Sorensen Research & Development Trust v.**
       **Ryobi, Senco, One World, Techtronics, et al.**
       **U.S. Patent No. 4,935,184**

Dear Melody:

I write in response to your letters dated November 8, 2007 and November 19, 2007 identifying products that you believe are manufactured using a process covered by your client's U.S. Patent No. 4,935,184, and seeking information about the source of those products.

As you have been advised several times in the past, Techtronic Industries Ltd Co. ("TTI") is the parent corporation for Ryobi Technologies, Inc; One World Technologies, Inc.; and Techtronic Industries North America, Inc. TTI is located in Hong Kong and all of the products identified in your letters are manufactured by or for TTI in China. In your November 19 letter, you make reference that Ridgid brand products "are represented as being manufactured by [One World Technology, Inc.] in their manuals." In a conversation, you specifically mentioned that you were looking at the manual for the R3000 reciprocating saw. As an initial matter, I note that the box for the R3000 clearly indicates that it is "Made in China". The reference in the manual that you refer to is in the "Warranty" section and is intended to identify a company to reach in case of warranty issues.

Additionally, as you have been advised, the overmold injection process used for the external housings for all of those products, including but not limited to the external housings for Ridgid brand model no. R7000 drill shown in drawing number D-5411, the Ryobi brand model no. R1063K circular saw shown in drawing number D-5398, and the Senco brand model no. DS200-AC collated screw driver shown in drawing number D-5506 (all three drawings attached hereto at Ex. 1), is as follows:

Melody A. Kramer, Esq.
November 30, 2007
Page 2

> 1)    The first plastic material component 20 (with reference to Ex. 1) is injected into a first mold to get/form the plastic part which can be described as being the substrate part/supporting part.

> 2)    The supporting part is transferred by hand to a second, separate mold and then second plastic material component 32 (with reference to Ex. 1) is injected into the second mold to cover the substrate part/supporting part and get the housing shown in the drawings attached at Ex. 1.

I further note that in your letter you dispute that the TTI overmolded parts shown in the drawings are manufactured using two separate molds and that you "know this is not the case." What is the basis for your knowledge that "this is not the case?" Additionally, you mention that Mr. Bugos testified under oath that he does not know who manufactures the tools identified in your letter. Can you identify and provide me with that testimony?

In the past, we have discussed providing a declaration from someone at TTI in Hong Kong or China because that person would have the most knowledge and is best capable to describe the process due to their proximity and/or direct involvement with the process. You rejected our proposal and told me that such a declaration would not be sufficient. Your basis was that declarations from persons in Hong Kong and China would not be admissible and could not be used in U.S. District Courts because they are not subject to the penalty of perjury. You also took the position during a conversation relating to this issue that persons from Hong Kong and China could not testify in U.S. Courts. In your letter dated November 8, you cited *United States v. Oudevenko*, 2001 WL 253027 (E.D. N.Y. Mar. 7, 2001) to support your position. That case however, is not on point or even applicable here. In *Oudevenko*, the defendant wanted to use depositions as a substitute for testimony at a criminal trial. The court held that the defendant did not meet the "exceptional circumstances" requirement of Rule 15(a) of the Federal Rules of Criminal Procedure. The Rules of Criminal Procedure have nothing to do with this situation and have no bearing on a civil proceeding.

Contrary to your position that declarations from persons located in Hong Kong or China are not admissible in U.S. courts, 28 USC § 1746 specifically provides for the use of declarations executed outside the United States. Pursuant to 28 USC § 1746, courts do and have accepted declarations from persons located in both Hong Kong and China. For example, in *Commodity Futures Trading Comm'n v. Topworth Int'l Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 2000), the district court rejected a declaration from Mr. Yu from Hong Kong because it allegedly did not meet the requirements of 28 USC § 1746. The Ninth Circuit held that that the district court's rejection was improper as it did comply with § 1746, and made Mr. Yu's declaration part of the record. Likewise, in *American Home Assurance Co. v. Zim Jamaica*, 296 F. Supp.2d 494, 496-99 and ((S.D.N.Y. 2003), the court accepted declarations from Assad Najm, the manager of a company

Melody A. Kramer, Esq.
November 30, 2007
Page 3

in Guangzhou, China and Lao Xiji, a truck driver who delivered cargo from Guangzhou to the
Port of China as part of a motion for summary judgment.

You also advised me that it is improper for the U.S. subsidiaries to rely upon their parent
corporation for information. You rely on *Minnesota Mining & Mfg. Co. v. Johnson & Johnson
Orthopedics, Inc.*, 976 F.2d 1559, 1580-81 (Fed. Cir. 1992) and *NTP, Inc. v. Research In Motion,
Ltd.*, 270 F. Supp.2d 751, 756-57 (E.D.Va. 2003) to support your position. Those cases do not
support your position and in fact have no bearing on whether a subsidiary can rely on
information it receives from its parent corporation. Instead, those cases relate to the issue of
willful infringement, the duty of due care and whether an opinion of counsel is competent under
the circumstances. As I advised you, the Federal Circuit abolished the duty of due care in *In re
Seagate*, 497 F.3d 1360 (Fed. Cir. 2007), which makes these cases particularly irrelevant.

Please let me know if you have any questions about the above information so that we can move
toward finally resolving this matter.

Best regards,

Robert S. Mallin

RSM:jms
Encs.







Exhibit 7

Robert S. Mallin
312-321-4221
rmallin@usebrinks.com

**BRINKS**
**HOFER**
**GILSON**
**&LIONE**®
A Professional Corporation

Intellectual Property
Law Worldwide

January 30, 2008

*Via Facsimile Transmission to 858-824-9073*
*And U.S. First Class Mail*

Melody A. Kramer, Esq.
Kramer Law Office, Inc.
9930 Mesa Rim Rd.
Suite 1600
San Diego, CA 92121

Re:    **Sorensen Research & Development Trust v. Senco Products, Inc.** *et al*
       **Case No. 3:08-cv-00071-W-LSP**

Dear Ms. Kramer

I understand that Sorensen Research & Development Trust ("SRDT") filed a complaint alleging infringement of U.S. Patent No. 4,935,184 against Senco Products. I note that in paragraph 22 of the complaint, SRDT alleges that "[t]o date, Defendants have not presented any admissible evidence of the actual manufacturing process for any Accused Senco Product to Plaintiff."

Enclosed herewith is a copy of a declaration explaining the over mold process used for the external housing of the Senco DS200-AC screw gun which is the Accused Senco-branded product. This declaration meets the requirements of 28 USC § 1746. As explained in my letter to you dated November 30, 2007, courts, including the Ninth Circuit, accept declarations from both Chinese and Hong Kong nationals. *See Commodity Futures Trading Comm'n v. Topworth Int'l Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 2000); *American Home Assurance Co. v. Zim Jamaica*, 296 F. Supp.2d 494, 496-99 (S.D.N.Y. 2003).

In your January 23, 2008 letter to me, you refused to accept a similar declaration from Mr. Chen relating to Ridgid-branded products based on your "prior extensive research on the inadmissibility of declarations from Chinese nationals and general rules of Federal Rules of Evidence." However, the only legal support you have provided to me is *United States v. Oudevenko*, 2001 WL 253027 (E.D. N.Y. Mar. 7, 2001), which is inapposite. The *Oudevenko* case has no bearing on the admissibility of a declaration from a Chinese national. Indeed, as explained in my November 30 letter to you, the *Oudevenko* case, which addresses the "exceptional circumstances" requirement of Rule 15(a) of the Federal Rules of Criminal

Melody A. Kramer, Esq.
January 30, 2008
Page 2

Procedure, has no bearing on this matter. If you have other cases or legal authority that support your position, I request that you identify them to me.

Further, in your same letter from January 23, 2008, you also criticize Mr. Chen's declaration as defying "credulity in its claim that a tooling manager in China could competently testify about all of the relevant corporate affairs of at least six United States companies." I am not certain what is meant by "all relevant corporate affairs," but his testimony with respect to the identified U.S. companies is limited to stating that the other identified companies do not manufacture the accused products and that TTI and its subsidiaries do not have a corporate relationship with the other identified companies. Likewise, the enclosed declaration makes clear that the other identified companies do not manufacture the Senco-branded DS200-AC, and that TTI and its subsidiaries do not have a corporate relationship with Senco Products, Inc. What is it about this testimony that "defies credulity?"

Finally, in your letter dated January 23, 2008, you represent that both Mr. Bugos and me made statements that are contradictory to Mr. Chen's testimony. I am not aware of any such contradictory statements. Can you please identify them for me?

In view of this declaration, which meets all the requirements of 28 USC § 1746, I ask that you voluntarily dismiss your complaint in the above-captioned case. If you choose not to accept the declaration and voluntarily dismiss the action, we plan to use this declaration and prior correspondence as needed in the litigation. Please let me know what you decide to do about dismissing the complaint.

If you have any questions, please let me know.

Best regards

Robert S. Mallin

RSM:jms

Enc.

I, William Chen, declare:

1.      I am a P. R.China citizen. I am presently the Tooling Manager at Techtronic Industries Co. Ltd ("TTI"). TTI is located in Hong Kong and has a principal place of business at 388 Castle Peak Road, Tsuen Wan, NT, Hong Kong. One World Technologies, Inc. ("OWT"), Techtronic Industries North America, Inc. ("TTINA") and Ryobi Technologies, Inc. ("RTI") are subsidiaries of TTI. I have knowledge acquired during the ordinary course of my duties for TTI of the facts contained within the following paragraphs, and could and would competently testify to TTI's, OWT's, TTINA's and RTI's corporate knowledge thereto if called as a witness in a court of law.

2.      The Senco brand model no. DS200-AC collated screw driver is manufactured by TTI in China. TTI contracts out the fabrication of some of the many components of the Senco brand model no. DS200-AC collated screw driver to other manufacturing entities.

3.      I have personal knowledge about the overmold injection process used for the external plastic housing for the Senco-branded model no. DS200-AC collated screw driver shown in drawing number D-5506 (attached hereto at Ex. 1). The overmold process used for producing the external plastic housing for the DS200-AC shown in Ex. 1 is as follows:

Step 1)      The first plastic material component 20 is injected into a first mold to form the plastic part which can be described as being the substrate part.

Step 2)      The substrate part is transferred by hand to a second, separate mold and then a second plastic material component 32 is injected into the second mold

to cover the substrate part and form the housing shown in the drawings attached at Ex. 1.

3.    I have personally witnessed the overmold process described in paragraph 3 above. For the past 6 years, no other overmold process has ever been used for the external housing on the DS200-AC.

4.    TTINA, OWT, and RTI do not manufacture the Senco DS200-AC. The DS200-AC is not manufactured in the United States. It is manufactured in China by TTI.

5.    TTI and its subsidiaries have no corporate relation with Senco Products, Inc. ("Senco"). Senco does not manufacture the DS200-AC.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 25th day of Jan, 2008.


_____    William Chen

2

SENCO COLLATED SCREW DRIVER