MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150
email: mak@kramerlawip.com

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
email: michael@kalerlaw.com

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>    Plaintiff<br>  v.<br><br>SENCO PRODUCTS, INC., an Ohio corporation; and DOES 1 – 100,<br><br>    Defendants.<br>_____<br>and related counterclaims. | Case No. 08cv00071 BTM CAB<br><br>**DECLARATION OF MELODY A. KRAMER # 2**<br>**IN SUPPORT OF PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR EXCEPTION TO STAY TO PRESERVE EVIDENCE**<br><br>Date: August 20, 2008<br>Time: 11:30 a.m.<br>Courtroom 15 – 5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*Oral Argument Has Been Respectfully Requested by Plaintiff* |

1    I, MELODY A. KRAMER, declare:

2    1.   I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

3    2.   At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("SRDT"), Plaintiff in the above-captioned matter.

4    3.   This Declaration is being submitted in conjunction with Plaintiff's Reply to Opposition to Motion for Exception to Stay for Preservation of Evidence.

5    4.   *Ex parte* reexamination requests to the USPTO are a procedure whereby anyone, even anonymously, can assert that there are problems with a patent. Ninety-six percent of all such requests result in a reexamination being conducted. However, only around 10% of such requests result in cancellation of all claims in a patent.

6    5.   Defendant had several opportunities to provide the requested information informally before this motion was filed, or by stipulation after the motion was filed, but refused.

7    6.   For three years, Plaintiff sought through repeated requests pursuant to 35 U.S.C. § 295, to obtain reliable information about the Accused Processes from Senco. None has ever been received.

8    7.   The Chen document referenced in Senco's pleadings comes no where close to admissible evidence in a U.S. court of law, and does not allow for Plaintiff to conduct any follow-up to test the veracity of its statements.

9    8.   After the filing of this suit, attorney Mr. Mallin sent me a document purporting to be a declaration of a Chinese citizen, William Chen, purporting to be evidence of the manufacturing process for the Accused Products. (see Exhibit 7 to Mr. Mallin's declaration.) However, because it did not meet the requirements of admissible evidence in many respects, and because it is impossible for Plaintiff to conduct any follow-up investigation or discovery to test the veracity of the statements contained therein, Plaintiff is still without actual manufacturing process

1  information for the Accused Products.

2  9. A partial list of the insufficiencies of the document signed by Mr. Chen
3  are as follows:

4  10. According to paragraph 1, Mr. Chen is a citizen of the People's
5  Republic of China. As such, he is immune from legal process of United States courts
6  and thus Plaintiff does not have the ability to cross-examine his statements or depose
7  him to learn the basis of his statements. Furthermore, as a practical matter he is not
8  subject to the penalties of perjury. As such, it is inherently unreliable.

9  11. Although Mr. Chen claims only to be a tooling manager for Techtronic
10 Industries Co. Ltd. ("TTI"), a Hong Kong company, and does not claim to hold
11 officer or director status with any company, Mr. Chen claims to be testifying as to
12 the "corporate knowledge" of One World Technologies, Inc. ("OWT"), Techtronic
13 Industries North America, Inc. ("TTINA"), Ryobi Technologies, Inc. ("RTI") -- all
14 US companies – and TTI. There is no known legal basis for a Chinese citizen who is
15 outside of the jurisdiction of U.S. courts to provide evidence of the corporate
16 knowledge of U.S. companies with whom he has no capacity at all.

17 12. Mr. Chen does not even claim to be speaking on behalf of Senco, and
18 states that "TTI and its subsidiaries have no corporate relation with Senco Products,
19 Inc."

20 13. Mr. Chen claims to "presently" be the Tooling Manager at TTI, yet
21 purports to testify about what has happened during the past six years. No foundation
22 for the duration of his employment appears on the document.

23 14. By Mr. Chen's own representations in paragraph 2, "TTI contracts out
24 the fabrication of some of the many components of the Senco [accused product] to
25 other manufacturing entities." Thus he is saying not even the companies on whose
26 behalf he claims to be testifying are not the actual manufacturers of the product in
27 question. This claim is consistent with testimony of Mr. Bugos that was submitted
28 with the moving papers to this motion.

1     15.   The document does not contain any identification of manufacturing location or details that can be verified or cross-checked. The brief description of the manufacturing process is insufficient to verify or compare with the product itself.

    SWORN TO under penalty of perjury of the laws of the State of California and the United States, this 13th day of August, 2008.

                            /s/ Melody A. Kramer

                            Melody A. Kramer, Esq.